# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| TOM VER LLC d/b/a MEXFRESH PRODUCE,<br><br>Plaintiff,<br><br>v.<br><br>ORGANIC ALLIANCE, INC., PARKER R. BOOTH, MARK Y. KLEIN, MICHAEL ROSENTHAL, CHRISTOPHER WHITE, and BARRY M. BROOKSTEIN, each individually,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 5:13-cv-03506-PSG<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |

## TEMPORARY RESTRAINING ORDER

On August 2, 2013, Tom Ver LLC d/b/a Mexfresh Produce (the "Plaintiff") applied for the issuance of a Temporary Restraining Order under Federal Rules of Civil Procedure 65(b) (the "Application") which came before this court and the undersigned on the date set forth below. The Court considered all of the pleadings, including the Application, the Affidavit of Alejandro Rodriguez, managing member of the Plaintiff, and all related moving papers. The Plaintiff's Affidavit demonstrates the defendants, Organic Alliance, Inc. (the "Company") and Parker R. Booth purchased perishable agricultural commodities ("Produce") in interstate commerce

TEMPORARY RESTRAINING ORDER    - 1 -

and, thereafter, failed to pay Plaintiff in violation of the Perishable Agricultural Commodities Act, 1930, *as amended*, 7 U.S.C. §§ 499a-499t (the "PACA").

These same pleadings and supporting documents establish the Defendants have either dissipated the PACA trust or have presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, the Affidavit and other submissions the Plaintiff filed in this matter, it appears to the court that the Plaintiff will suffer immediate and irreparable injury due to the Defendants' dissipation of Plaintiff's beneficial interest in the statutory trust created pursuant to 7 U.S.C. § 499e(c) and that such dissipation will continue in the absence of injunctive relief. The court is of the opinion that a Temporary Restraining Order should be issued pending a hearing on plaintirf's request for a preliminary injunction due to the threat of further dissipation.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Defendants, Organic Alliance, Inc., Parker R. Booth, and their respective agents, officers, assigns, and any of their banking institutions are DIRECTED NOT to pay, withdraw, transfer, assign or sell any and all existing PACA trust assets or otherwise dispose of corporate or personal assets to any creditors, persons or entities until further Order of this Court, or until Defendants deposit into the Registry of this Court the sum of $50,679.44.

2. Pending further orders of this Court, or until such time as Defendants pay Plaintiff or deposit into the Registry of the Court the sum of $50,679.44, no banking institution or other organization/entity holding funds for any of the Defendants shall pay, transfer or permit assignment or withdrawal of any existing PACA trust assets held on behalf of Defendants. Further, pending further order of this Court, or until such time as Defendants deposit into the Registry of this Court the sum of $50,679.44, no banking institution or other organization/entity

TEMPORARY RESTRAINING ORDER         - 2 -

holding funds for any of the Defendants shall pay, transfer or permit assignment or withdrawal of the corporate or personal assets of any Defendants without this Court's express written approval.

3. If Defendants fail to deposit into the Registry of this Court the sum of $50,679.44 in full within three (3) business days of the entry of this Order, the Defendants must account to the Court and Plaintiff's counsel for all accounts receivable, accounts payable, equipment, inventory and all other assets subject to the PACA trust and the regulations promulgated there under.

4. In furtherance of such an accounting, the Court hereby directs any banking institution or other third party organizations/entities holding funds for any of the Defendants to turn over to Plaintiff's undersigned counsel any statements, signature cards, and all other documents relating to or regarding any of the Defendants' accounts at such banking institutions within five (5) days of receipt of this Order.

5. This Order will be binding upon the parties to this action, their officers, agents, servants, employees, banks, or attorneys and all other persons or entities who receive actual notice of this Order by personal service or otherwise. In this regard, the Defendants shall serve a copy of this Order on all financial institutions or other organizations/entities with which any of the Defendants do any business, may do any business with, or who may be holding any assets for or on behalf of any of the Defendants.

6. Because Defendants already possess $50,679.44 of PACA trust assets which is the Plaintiff's property, no bond is required.

7. Due to the nature of the issues presented by this action, the court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c).

TEMPORARY RESTRAINING ORDER - 3 -

8. This TRO is effective on upon the date and time of filing and shall remain in effect until the date and time of the hearing on preliminary injunction specified below.

9. Plaintiff shall forthwith serve defendants with a copy of this Order. Such service shall be completed no later than August 12, 2013.

Defendants are further ORDERED to show cause why they should not be preliminarily enjoined from distributing PACA trust funds as set out in Plaintiff's application for a temporary restraining order. Defendants shall file a written response, if any, to this Order to Show Cause and Plaintiff's application on or before August 14, 2013. Plainiff may file a reply to Defendants' response on or before August 15, 2013.

Plainitiff's motion for preliminary injunction will be heard before Judge Ronald M. Whyte on August 16, 2013 at 9:00 a.m. in Courtroom 6, 4th Floor, at the United States District Court located at 280 S. 1st Street in San Jose.

Dated: August 8, 2013

ENTERED:

*Ronald M. Whyte*
_____
UNITED STATES DISTRICT JUDGE
Ronald M. Whyte

TEMPORARY RESTRAINING ORDER     - 4 -