UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOM VER LLC d/b/a MEXFRESH PRODUCE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ORGANIC ALLIANCE, INC., PARKER R. BOOTH, MARK Y. KLEIN, MICHAEL ROSENTHAL, CHRISTOPHER WHITE, and BARRY M. BROOKSTEIN, each invidually,<br><br>　　　　　Defendants. | Case No. C-13-03506-LHK<br><br>**ORDER DENYING MOTION TO ENFORCE TEMPORARY RESTRAINING ORDER AS MOOT; DENYING SANCTIONS**<br><br>[Re Dkt. Nos. 23, 43] |

Plaintiff filed a complaint alleging violations of the Perishable Agricultural Commodities Act. *See* 7 U.S.C. 499a *et seq*. The court granted plaintiff's motions for a temporary restraining order (TRO) and preliminary injunction. The TRO required any of defendants' banking institutions to turn over "any statements, signature cards, and all other documents" relating to defendants' accounts within five days of receipt of the order. Dkt. No. 11, TRO ¶ 4. Plaintiff alleges that non-party Rabobank, N.A. ("Rabobank") failed to timely comply with the TRO.

Rabobank admits that it received notice of the TRO on August 9, 2013, and placed a hold on defendants' account. Dkt. No. 46-3, Ramos Decl. ¶¶ 2-3. On September 4, 2013, Rabobank received a letter from plaintiff's counsel requesting the account information described in the TRO by September 11, 2013. *Id.* ¶ 4. On September 6, before the deadline set in the letter, plaintiff filed a

1  motion to enforce the court's temporary restraining order and for contempt. Dkt. No. 23. Rabobank
2  sent the requested documents to plaintiff's counsel on September 11. Ramos Decl. ¶6.

3  On October 21, 2013, the court held a hearing on the motion and allowed plaintiff the
4  opportunity to submit declarations if he wished to pursue monetary sanctions. Dkt. No. 33. On
5  December 27, 2013, plaintiff filed a motion for sanctions and accompanying declarations. Dkt. No.
6  43. Rabobank opposes the motion for sanctions. Dkt. No. 46.

7  Civil contempt sanctions are wholly remedial. *Falstaff Brewing Corp. v. Miller Brewing Co.*,
8  702 F.2d 770, 778 (9th Cir.1983). They are employed for two purposes: to coerce the defendant into
9  compliance with the Court's order and to compensate the complainant for losses sustained. *United*
10 *States v. United Mine Workers of Am.*, 330 U.S. 258, 303-04 (1947); *Falstaff*, 702 F.2d at 778.
11 Generally, the minimum sanction necessary to obtain compliance should be imposed. *Whittaker*
12 *Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992).

13 The court declines to apply sanctions against Rabobank. Rabobank responded to the
14 plaintiff's September 4, 2013 letter within the deadline imposed by plaintiff's counsel. Plaintiff has
15 not alleged that Rabobank continues to act in violation of the TRO, or that plaintiff needs additional
16 information from Rabobank. Because Rabobank is now in compliance with the TRO, the motion to
17 enforce the TRO, Dkt. No. 23, is denied as moot. Furthermore, filing the motion to enforce the
18 TRO was premature and appears to have been unnecessary, as Rabobank turned over the reqeuested
19 documents within counsel's deadline. At this point, civil contempt sanctions would serve no
20 remedial purpose and are denied.

23 Dated February 7, 2014

_____
Ronald M. Whyte
United States District Judge

ORDER DENYING SANCTIONS
Case No. C-13-03506-LHK
LM

- 2 -