United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

TOM VER LLC,

　　　　　　　　Plaintiff,

　　　　v.

ORGANIC ALLIANCE, INC, et al.,
　　　　　　　　Defendants.

Case No.  13-CV-03506-LHK

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 107

Before the Court is Defendant Michael Rosenthal's and Defendant Barry Brookstein's joint motion for summary judgment. ECF No. 107. Having considered the submissions of the parties, the record in this case, and the relevant law, the Court hereby GRANTS Defendants' motion for summary judgment**.**

I.　　　**BACKGROUND**

　　**A. Factual Background**

　　Plaintiff Tom Ver LLC ("Plaintiff" or "Tom Ver") filed this Perishable Agricultural Commodities Act ("PACA") action against Defendants Organic Alliance, Inc., Parker Booth, Mark Klein, Michael Rosenthal, Christopher White, and Barry Brookstein on July 30, 2013. ECF No. 1. Plaintiff sells wholesale quantities of perishable agricultural commodities in interstate

1
Case No.13-CV-03506-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    commerce. Compl. ¶ 2. Plaintiff alleges that Defendants Booth, Klein, Rosenthal, White, and

2    Brookstein were individual officers, directors, or shareholders of Defendant Organic Alliance. *Id.*

3    ¶ 3. According to Plaintiff, Defendants were "brokers" of produce under PACA, as Defendants

4    negotiated sales and purchases of produce in interstate commerce on behalf of vendors and/or

5    purchases. *Id.* ¶ 5.

6          Plaintiff alleges that it delivered produce shipments to Defendant Organic Alliance in

7    March and April of 2013, which Organic Alliance accepted but never paid for. *Id.* ¶¶ 9–10, Exh.

8    A. Plaintiff therefore brings claims for breach of contract, breach of fiduciary duty, and claims

9    under PACA against Defendants.

10         **B.  Procedural History**

11         Plaintiff filed its complaint on July 30, 2013. ECF No. 1. Plaintiff filed an ex parte

12   application for a temporary restraining order on August 2, 2013. ECF Nos. 6, 7. The Court granted

13   Plaintiff's ex parte application on August 8, 2013. ECF No. 11. On August 26, 2013, the Court

14   granted a preliminary injunction only as to Organic Alliance. Plaintiff had not effected adequate

15   service as to any other Defendant. ECF No. 19 at 2.

16         Defendant Brookstein answered Plaintiff's complaint on September 12, 2013, ECF No. 28,

17   and the Court granted the parties' stipulation to set aside default as to Defendant Brookstein on

18   December 3, 2013. ECF No. 36. Defendant Rosenthal answered on February 7, 2014. ECF No. 55.

19   Defendant Booth answered on May 14, 2014. ECF No. 78.

20         On December 27, 2014, Plaintiff moved for sanctions against Rabobank, which the Court

21   denied on February 7, 2014. ECF Nos. 43, 53.

22         On June 12, 2014, Plaintiff filed motions for default judgment by the Clerk against

23   Defendants Organic Alliance, Inc. and Christopher White. ECF Nos. 79, 80. The Clerk of the

24   Court denied Plaintiff's motions without prejudice on June 30, 2014. ECF No. 82. Plaintiff filed

25   amended motions on September 3, 2014, ECF Nos. 86, 87, which the Court denied without

26   prejudice on December 15, 2014. ECF No. 98.

27         Defendants Brookstein and Rosenthal filed the instant motion for summary judgment on

28
2

Case No.13-CV-03506-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1   March 19, 2015. ECF No. 107. Plaintiff filed an opposition on April 16, 2015, ECF No. 110, and

2   Defendants filed their reply on May 4, 2015.

3   **II.   LEGAL STANDARD**

4          Summary judgment is appropriate if, viewing the evidence and drawing all reasonable

5   inferences in the light most favorable to the nonmoving party, there are no genuine issues of

6   material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

7   *Celotex Corp. v. Catrett*, 477 U.S. 317, 321 (1986). At the summary judgment stage, the Court

8   "does not assess credibility or weigh the evidence, but simply determines whether there is a

9   genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559–60 (2006). A fact is "material" if

10  it "might affect the outcome of the suit under the governing law," *Anderson v. Liberty Lobby, Inc.*,

11  477 U.S. 242, 248 (1986), and a dispute as to a material fact is "genuine" if there is sufficient

12  evidence for a reasonable trier of fact to decide in favor of the nonmoving party, *id.* "If the

13  evidence is merely colorable, or is not significantly probative, summary judgment may be

14  granted." *Id.*

15         The moving party bears the initial burden of identifying those portions of the pleadings,

16  discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex

17  Corp.*, 477 U.S. at 323. Where the moving party will have the burden of proof on an issue at trial,

18  it must affirmatively demonstrate that no reasonable trier of fact could find other than for the

19  moving party, but on an issue for which the opposing party will have the burden of proof at trial,

20  the party moving for summary judgment need only point out "that there is an absence of evidence

21  to support the nonmoving party's case." *Id.* at 325; *accord Soremekun v. Thrifty Payless, Inc.*, 509

22  F.3d 978, 984 (9th Cir. 2007). Once the moving party meets its initial burden, the nonmoving

23  party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that

24  there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

25  **III.   DISCUSSION**

26         In the instant action, Plaintiff alleges that Defendants Rosenthal and Brookstein

27  (collectively, "Defendants") are individually liable for Defendant Organic Alliance, Inc.'s failure

28
    3
    Case No.13-CV-03506-LHK
    ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1   to pay for agricultural commodities under the Perishable Agricultural Commodities Act

2   ("PACA"). In moving for summary judgment, Defendants contend that Plaintiff has failed to

3   identify any genuine disputes of material fact, and that Defendants are entitled to judgment as a

4   matter of law. The Court begins with an overview of the applicable law under PACA before

5   turning to the substance of Defendants' motion for summary judgment.

6            PACA, 7 U.S.C. § 499a–499t, was enacted in 1930 with the intent of "preventing unfair

7   business practices and promoting financial responsibility in the fresh fruit and produce industry."

8   *Farley and Calfee, Inc. v. U.S. Dept. of Agric.*, 941 F.2d 964, 966 (9th Cir. 1991). PACA regulates

9   trading in agricultural commodities, e.g., fruits and vegetables. PACA requires all brokers and

10  dealers in perishable agricultural commodities to obtain licenses from the Secretary of Agriculture.

11  *Id.*; 7 U.S.C. §§ 499c, 499d. Dealers violate PACA if they do not pay promptly and in full for any

12  perishable commodity in interstate commerce. 7 U.S.C. § 499b(4).

13           The Ninth Circuit along with several other circuits recognize that individuals may be liable

14  under a PACA trust theory. "[I]ndividual shareholders, officers, or directors of a corporation who

15  are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve

16  those assets, may be held personally liable under the Act." *Sunkist Growers, Inc. v. Fisher*, 104

17  F.3d 280, 283 (9th Cir. 1997). "Anyone found to be a PACA dealer is subject to liability under

18  PACA section 499b, which makes unlawful unfair conduct including the failure to maintain a

19  statutory trust . . . . If deemed a PACA dealer, an individual is liable for his [or her] own acts,

20  omissions, or failures while acting for or employed by any other dealer." *Id.* (internal citations and

21  quotations omitted); *see also Hiller Cranberry Products, Inc. v. Koplovsky*, 165 F.3d 1, 8–9 (1st

22  Cir. 1999) ("An individual who is in the position to control the trust assets and who does not

23  preserve them for the beneficiaries has breached a fiduciary duty, and is personally liable for that

24  tortious act."); *Golman–Hayden Co., Inc. v. Fresh Source Produce Inc.*, 217 F.3d 348, 351 (5th

25  Cir. 2000) ("We join our colleagues in the Ninth Circuit and hold that individual shareholders,

26  officers or directors of a corporation who are in a position to control trust assets, and who breach

27  their fiduciary duty to preserve those assets, may be held personally liable under PACA.");

28

United States District Court
Northern District of California

4

Case No.13-CV-03506-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    *Patterson Frozen Foods, Inc. v. Crown Foods Int'l, Inc.*, 307 F.3d 666, 669 (7th Cir. 2002)

2    (same).

3          Thus, in order to state a claim against either Defendant Rosenthal or Brookstein, Plaintiff

4    must prove that Defendants were "in a position to control PACA trust assets," and that Defendants

5    "breach[ed] their fiduciary duty to preserve" the PACA trust assets. *Sunkist Growers*, 104 F.3d at

6    283. Here, Defendants concede that Plaintiff has adequately alleged in its complaint that

7    Defendants "controlled and managed the Company's operations and had control over the

8    Company's financial dealings," had the "authority" and "power to direct the application or

9    disposition of PACA trust assets," and that Defendants "caused the Company to commit a breach

10   of the PACA trust by, *inter alia*, transferring PACA Trust Assets from the Company to non-PACA

11   trust beneficiaries in violation of their duties under PACA." Compl. ¶¶ 44–56. Each Defendant

12   contests, however, whether Plaintiff can produce any evidence to support these allegations.

## A.  Defendant Rosenthal

14         For the reasons discussed below, the Court concludes that Plaintiff has failed to identify

15   any genuine dispute of material fact as to whether Defendant Rosenthal was in a position to exert

16   control over the PACA trust assets.

17         Here, it is undisputed that Rosenthal served on the board of directors for Organic Alliance,

18   and was named the chairman of the board and chairman of the audit committee. *See* ECF No. 107-

19   2 ("Rosenthal Decl."), ¶ 3; Opp. at 9–10. Defendants are correct that an individual cannot be held

20   liable "*merely* because he or she is a corporate officer or shareholder." *Pac. Tomato Growers, Ltd.*

21   *v. Tanimura Distrib'g, Inc.*, No. 08-5100, 2012 WL 5899417, at *5 (C.D. Cal. Nov. 13, 2012).

22   While Plaintiff relies heavily on Defendant Rosenthal's titles, it is the "*actual*[] . . . ability to

23   control" which is at the heart of this inquiry. *Bear Mountain Orchards, Inc. v. Mich-Kim, Inc.*, 623

24   F.3d 163, 172 (3d Cir. 2010).

25         More specifically, "[a] court considering the liability of the individual may look at 'the

26   closely-held nature of the corporation the individual's active management role' and any evidence

27   of the individuals acting for the corporation." *Sunkist*, 104 F.3d at 283 (quoting *Frio Ice v.*

United States District Court
Northern District of California

28
Case No.13-CV-03506-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1   *SunFruit, Inc*., 724 F. Supp. 1373, 1382 (S.D. Fla. 1989)). Here, Defendant Rosenthal avers that

2   he was a minority shareholder, participated in biannual board meetings from 2009-2011, and

3   offered general advice about methods of capitalization and restructuring. Rosenthal Decl. ¶¶ 3–4.

4   Rosenthal only visited the company's office twice over the course of four years, did not supervise

5   any employees, was not a signatory to any of Organic's checking accounts, and had no role in

6   determining the purchase of or payment for any produce. *Id.* ¶¶ 5–6. Rosenthal further states that

7   his role as the chairman of the audit committee entailed interviewing auditors for annual audits,

8   but that the financial information he reviewed provided only "generalized information." *Id.* ¶¶ 6,

9   8. Moreover, the failures to pay Plaintiff occurred in March and April of 2013. Plaintiffs do not

10  contest that Organic Alliance did not conduct an audit for the calendar year ending December

11  2013, or that Organic ceased holding board meetings in 2012. *Id.* ¶¶ 4, 8.

12      Defendant Booth's declaration supports Defendant Rosenthal's statements, as Booth avers

13  that Rosenthal "did not direct any of the daily operations," including the supervision of employees

14  or the payment of any of Organic's account payables. Booth Decl. ¶ 3. Instead, Booth admits that

15  from 2008 through July 2013, Booth was responsible for directing the office manager as to "which

16  vendors would get paid," and neither "Michael Rosenthal nor Barry Brookstein participated in

17  these discussions or decisions." *Id.* Defendant Rosenthal has therefore demonstrated that his role

18  in causing a breach of the trust was limited at best, as Rosenthal "did not control the day-to-day

19  operations of the company, he did not sign for [Organic's] accounts with PACA creditors, and he

20  was not the primary actor in failing to pay those creditors," including Plaintiff. *C.H. Robinson*

21  *Worldwide v. Auster Acquisitions LLC*, No. 11C105, 2012 WL 3987559, at \*4–5 (N.D. Ill. Sept.

22  11, 2012) (granting summary judgment for defendant on individual liability under PACA).

23      In opposition, Plaintiff contends that Rosenthal's position as chairman of both the board

24  and the audit committee would have placed Rosenthal in possession of "intimate knowledge of

25  both the Company's operational and financial dealings." Opp. at 11. Plaintiff has submitted the

26  "business entity information report" for Organic Alliance, naming Rosenthal as the company's

27  treasurer. *See* ECF No. 110-3. Plaintiff contends that these facts are sufficient to show that

28
    6

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Rosenthal was "directly involved in the Company's business and financial operations, which

2    includes direct involvement in the Company's produce dealings." Opp. at 11. However, Plaintiff

3    has failed to adduce any evidence creating a genuine dispute as to Rosenthal's *ability to control*

4    Organic Alliance's decisions to pay PACA creditors.

5           The Court finds *C.H. Robinson* to be instructive. In *C.H. Robinson*, the individual

6    defendant was also aware of the company's financial difficulties, but the court concluded that the

7    defendant "played a limited role in *causing* the breach of the trust. Personal liability under PACA

8    is premised on the idea that a defendant oversaw the misuse or misappropriation of produce, or

9    money derived from the sales thereof." 2012 WL 3987559, at *5 (citing *Bear Mountain*, 623 F.3d

10   at 167–68). In *C.H. Robinson*, moreover, it was undisputed that the individual defendant had

11   actual knowledge of the company's failure to pay PACA creditors. 2012 WL 3987559, at *3–4.

12   Here, in contrast, Plaintiff relies solely on Defendant Rosenthal's formal position and title as

13   chairman of the board and audit committee. The Court finds, however, that Plaintiff has failed to

14   adduce "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

15   There is no evidence that Rosenthal had the ability to control the trust assets, or that Rosenthal

16   personally benefited from the trust assets to the detriment of PACA creditors. Plaintiff has

17   produced no evidence controverting Rosenthal's declaration that Rosenthal received no salary

18   from Organic Alliance, and that while Rosenthal received some funds owed to him under the

19   terms of a loan to Organic Alliance, the company ceased repayment in 2013, prior to the inception

20   of Plaintiff's claims. *See* Rosenthal Decl. ¶ 7; Compl. Exh. A.

21          Moreover, Plaintiff's bald assertion that Rosenthal was "direct[ly] involve[d] in the

22   Company's produce dealings" is not supported by any evidence in the record. To the contrary,

23   Plaintiff's own submissions indicate that Defendant Parker Booth, and several Organic Alliance

24   former employees, including Carmen Grillo, Ken Horwitz, and Frank Gomez were Plaintiff's

25   primary points of contact in negotiating payment for produce. *See* ECF No. 110-1, at 19–24

26   (emails between Plaintiff and various Organic Alliance employees). These submissions are in

27   accord with Defendant Booth's declaration that Booth was solely responsible for directing and

28
                                                    7

1    supervising Organic Alliance employees, including Grillo, as to which vendors to pay. *See* Booth

2    Decl. ¶ 5.

3        In sum, the Court concludes that Plaintiff has failed to put forth sufficient evidence

4    demonstrating there is a genuine dispute of material fact as to Defendant Rosenthal's ability to

5    control Organic Alliance such that Rosenthal would be subject to individual liability under PACA.

6    Rosenthal, despite his formal titles, did not participate in or direct Organic Alliance's day-to-day

7    operations, and lacked the ability to control the trust assets. Accordingly, the Court grants

8    Rosenthal's motion for summary judgment.

9    **B. Defendant Brookstein**

10       The Court similarly concludes that Plaintiff has failed to demonstrate any genuine dispute

11   of material fact as to Defendant Brookstein's ability to control Organic Alliance's assets. The

12   Court therefore grants Defendant Brookstein's motion for summary judgment for the reasons

13   stated below.

14       It is undisputed that Brookstein was a member of the board of directors beginning in 2012

15   and served as the chief financial officer of Organic Alliance. However, Plaintiff does not contest

16   that Defendant Brookstein was not a shareholder, played no role in directing or supervising the

17   day-to-day operations of Organic Alliance, and did not determine which vendors would be paid, or

18   how much the vendors would be paid. *See* Brookstein Decl. ¶¶ 4–8. Defendant Brookstein

19   prepared Organic Alliance's SEC reports, but did not "prepare the general ledger or the financial

20   statements." *Id. ¶* 5. Based on these facts, the Court concludes that Plaintiff has failed to identify

21   any evidence establishing a genuine dispute as to Defendant Brookstein's "authority to direct the

22   control of (*i.e.*, manage) PACA assets held in trust" for PACA creditors. *Sato & Co., LLC v. S&M*

23   *Produce, Inc.*, 859 F. Supp. 2d 923, 929 (N.D. Ill. 2012). There is no evidence in the record that

24   Brookstein played an "active management role," in determining how Organic Alliance would

25   manage its assets, e.g., pay PACA creditors. *See Sunkist*, 104 F.3d at 283.

26       As with Defendant Rosenthal, Plaintiff relies on Defendant Brookstein's formal titles as a

27   director and the chief financial officer of Organic Alliance in support of its opposition to

28

United States District Court
Northern District of California

8
Case No.13-CV-03506-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    Defendants' motion for summary judgment. However, Defendant Brookstein's uncontroverted

2    facts establish that Brookstein played no role in actively managing Organic Alliance. Brookstein

3    did not direct or supervise any employees, did not negotiate any accounts, has no expertise in

4    agricultural operations, and did not determine which vendors would get paid. Brookstein was only

5    physically present in the company's office intermittently to prepare SEC filings, and both

6    Defendant Booth and Carmen Grillo have attested to Brookstein's nonexistent role in actively

7    managing the assets of Organic Alliance. Based on this record, the Court concludes that

8    Brookstein lacked the actual power to control Organic Alliance's management of its assets. *See,*

9    *e.g.*, *Sato*, 859 F. Supp. 2d. at 930 (finding that officer defendant played a "very limited role in

10   operating the corporation" and lacked ability to control the PACA trust assets). Moreover, there is

11   no evidence in the record that Brookstein played any role in causing any breach of fiduciary duty.

12   To the contrary, the uncontroverted facts show that Brookstein extended additional funds totaling

13   over $65,000 to Organic Alliance for payment of expenses from March 2013 to June 2013, none

14   of which has been repaid to Brookstein. Brookstein Decl. ¶ 9. Plaintiff has not put forth any

15   evidence showing that Brookstein misused or misdirected trust assets.

16         In opposition, Plaintiff relies heavily on Defendant Brookstein's involvement in preparing

17   and filing SEC reports on behalf of Organic Alliance. *See* Opp. at 12–14. However, Defendant

18   Brookstein correctly notes that Plaintiff cites no authority for the proposition that merely filing

19   SEC reports is sufficient to trigger individual liability under PACA as a matter of law. Instead,

20   Plaintiff must identify material facts showing a genuine dispute as to Defendant Brookstein's

21   ability to control the PACA trust assets, and his breach of a fiduciary duty to preserve those assets.

22   At best, Plaintiff's arguments regarding Defendant Brookstein's responsibility for filing SEC

23   reports supports the inference that Brookstein was aware of Organic Alliance's obligations to

24   certain vendors. However, it is uncontroverted that Brookstein had no actual knowledge of PACA

25   trust claims against Organic Alliance. As discussed above, even if Plaintiff could prove that

26   Brookstein was aware of Plaintiff's claims against Organic Alliance, that awareness is insufficient

27   to show that Brookstein had the authority to manage the trust assets. *See C.H. Robinson*, 2012 WL

28
     Case No.13-CV-03506-LHK
     ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1    3987559, at \*5 (citing *Bear Mountain*, 623 F.3d at 167–68). Moreover, while Brookstein's ability

2    to write checks on behalf of Organic Alliance certainly might raise a colorable argument as to

3    Brookstein's managerial role in the company, Plaintiff fails to address the fact that Brookstein

4    signed only a single check in 2012, to pay for insurance, at the direction of Defendant Booth. *See*

5    Brookstein Decl. ¶ 4. As Plaintiff bears the burden of proof on its claim against Defendant

6    Brookstein, Plaintiff must do more than provide "merely colorable" evidence of its claim. *See*

7    *Anderson.*, 477 U.S. at 248.

8            Plaintiff also contends that Defendant Brookstein "possesses a significant actual nexus"

9    with Organic Alliance and failed to prevent a breach of the PACA trust. Opp. at 14. However, as

10   Defendants note, Plaintiff misstates the applicable legal standard for individual liability under

11   PACA. The "actual significant nexus" and "responsibly connected" tests are applied by the

12   Department of Agriculture in determining licensing eligibility for PACA. *See, e.g.*, *In re Glenn*

13   *Mealman*, 2005 USDA LEXIS 132 (2005). These tests address whether an individual should be

14   denied a PACA license because he or she was "responsibly connected to" an offending PACA

15   licensee. *See also* 7 U.S.C. §§ 499d(b), 499h(b). The "actual significant nexus" language on which

16   Plaintiff relies is the test used to determine whether an individual seeking a PACA license was

17   only "nominally a director" of the offending PACA licensee. *See In re Glenn Mealman*, 2005

18   USDA LEXIS at 132. This is not the test used in determining individual liability under PACA for

19   breach of a PACA trust. *See Sunkist* 104 F.3d at 283; *Hiller Cranberry*, 165 F.3d at 8–9; *Golman–*

20   *Hayden Co.*, 217 F.3d at 351; *Patterson Frozen Foods*, 307 F.3d at 669.

21           Here, the operative inquiry is whether Defendant Brookstein had the ability to control and

22   manage PACA trust assets, and whether Brookstein subsequently breached a fiduciary duty to

23   PACA creditors. Based on this record, the Court concludes that Brookstein has demonstrated the

24   "absence of evidence to support the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 325;

25   *accord Soremekun*, 509 F.3d at 984. As Plaintiff has failed to show that there is any genuine

26   dispute of material fact as to Defendant Brookstein's ability to control Organic Alliance, the Court

27   grants Brookstein's motion for summary judgment.

28

*(left margin)* United States District Court
Northern District of California

10

Case No.13-CV-03506-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### C.  Attorney's Fees

Defendants also request that the Court grant attorney's fees. In support of their request, Defendants cite cases finding that "where the parties' contracts include a right to attorneys' fees, they can be awarded as 'sums owing in connection with' perishable commodities transactions under PACA." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. 2007) (quoting 7 U.S.C. § 499e(c)(2) and citing *Middle Mountain Land & Produce v. Sound Commodities*, 307 F.3d 1220, 1222–25 (9th Cir. 2002)). Defendants fail to note, however, that both *Coosemans* and the relevant Ninth Circuit case, *Middle Mountain*, involved the recovery of attorney's fees for PACA *creditors* who successfully litigated PACA claims against either the PACA trust or individual defendants. *See Middle Mountain*, 307 F.3d at 1224–25 (holding that PACA claimant could recover fees and interest). In *Middle Mountain*, the Ninth Circuit analyzed the plain meaning of PACA and the legislative history of PACA to determine whether a PACA claimant could recover attorney's fees under PACA's language that provides for "full payment of the sums owing in connection with perishable agricultural commodities transactions." *Id.* at 1222 (quoting 7 U.S.C. § 499e(c)(2)). The Ninth Circuit, and the other courts to have addressed this issue, did not conclude that a PACA defendant could recover attorney's fees for successfully defending against a PACA claim. As Defendants have not identified any statutory basis for the award of attorney's fees, the Court denies Defendants' request. *See, e.g.*, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598 (2001) ("In the United States, parties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser.").

### IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion for summary judgment. The Court denies Defendants' request for attorney's fees.

Case No.13-CV-03506-LHK
ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

1    **IT IS SO ORDERED.**

2    Dated: May 20, 2015

3    _Lucy H. Koh_ _____

     LUCY H. KOH
4    United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              12
     Case No.13-CV-03506-LHK
     ORDER GRANTING MOTION FOR SUMMARY JUDGMENT