UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOM VER LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ORGANIC ALLIANCE, INC, et al.,<br><br>        Defendants. | Case No.13-cv-03506-LHK<br><br>**ORDER DENYING WITH PREJUDICE MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 134 |

Before the Court is Plaintiff Tom Ver LLC's ("Plaintiff") motion for default judgment against Defendant Organic Alliance, Inc. ("Organic Alliance"), and Defendant Christopher White ("White"), (collectively, "Defendants"). ECF No. 134. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and therefore VACATES the hearing set for June 25, 2015. Having considering the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Plaintiff's motion.

The Court previously denied Plaintiff's motions for default judgment, ECF Nos. 86, 87, for failure "to provide any argument or pertinent legal authority in support of its motions" in violation of Civil Local Rules 7-2(b) and 7-4(a). ECF No. 98. At the May 21, 2015, case management conference, the Court cautioned Plaintiff that failure to file a motion for default judgment that

provided the legal basis for granting a default judgment and cited the relevant authority would result in a denial with prejudice.

Despite the Court's admonishments, Plaintiff's renewed motion for default judgment, ECF No. 134, fails to cite any pertinent legal authority or provide any legal analysis for why an entry of default judgment against Defendants Organic Alliance and Christopher White is appropriate in the instant case. Plaintiff does not address the standards for default judgment, or make any arguments regarding why default judgment in the instant case would satisfy the factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Instead, Plaintiff's 10 page motion focuses solely on the availability of attorney's fees under Plaintiff's contractual agreement with Defendants and the appropriateness of Plaintiff's fees request. *See* ECF No. 134.

The Court therefore DENIES with prejudice Plaintiff's motion for default judgment. Whether to grant a default judgment is at the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Plaintiff has failed to comply with the Court's order that Plaintiff cite the relevant law and provide pertinent analysis as to why default judgment is appropriate under the *Eitel* factors. Based on Plaintiff's deficient submission, the Court is unable to weigh "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72. Accordingly, the Court concludes that default judgment is not warranted in the instant case.

As Plaintiff's request for attorney's fees turns on the entry of default judgment, the Court also DENIES Plaintiff's request for attorney's fees.

**IT IS SO ORDERED.**

Dated: June 17, 2015

_____
LUCY H. KOH
United States District Judge