UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOM VER LLC, <br><br> Plaintiff, <br><br> v. <br><br> ORGANIC ALLIANCE, INC, et al., <br><br> Defendants. | Case No.13-cv-03506-LHK <br><br> **PRETRIAL CONFERENCE ORDER** |

Plaintiff's Attorney: Jason Klinowski
Defendant Parker Booth did not appear

  The Court held a pretrial conference on July 30, 2015. Defendant Parker Booth did not appear.

  At the pretrial conference, Plaintiff represented that it intended to try its claims against not only Defendant Parker, but also Defendants Christopher White and Organic Alliance, Inc. Default has been entered against Christopher White since March 27, 2014, ECF No. 74, and against Organic Alliance since September 16, 2013, ECF No. 30.

  The Court explained on the record why the Court has tentatively determined that proceeding at trial against Defendants White and Organic Alliance would not be appropriate in the instant case.

  More specifically, this action began two years ago when Plaintiff filed its complaint on July 30, 2013. ECF No. 1. In the last two years, the Court has ruled on and issued orders granting an ex parte application for a temporary restraining order, ECF No. 11; granting preliminary

1

Case No. 13-cv-03506-LHK
PRETRIAL CONFERENCE ORDER

injunction, ECF No. 18; denying motion for sanctions and finding as moot motion to enforce temporary restraining order, ECF No. 53; five case management orders following five case management conferences, ECF Nos. 42, 90, 105, 128, 136; and order granting motions for summary judgment by Defendants Rosenthal and Brookstein, ECF No. 126.

In addition to these orders and case management conferences, the Court has specifically addressed the issue of default judgment with respect to Defendants White and Organic Alliance multiple times. Plaintiff first requested that the Clerk of the Court enter default against Defendant Organic Alliance on September 5, 2013, ECF No. 22, and against Defendant White on March 21, 2014, ECF No. 72. Plaintiff filed its first round of motions for default judgment against Defendants Organic Alliance and Christopher White over a year ago on June 12, 2014. ECF Nos. 79, 80. On June 30, 2014, the Clerk denied those motions without prejudice for failure to provide appropriate supporting documentation and informed Plaintiff that it could file the motion for disposition by the Court. ECF No. 82.

Three months later, on September 3, 2014, Plaintiff filed amended motions for default judgment against Defendants Organic Alliance and White. ECF Nos. 86, 87. On December 15, 2014, the Court denied Plaintiff's motion, once more without prejudice, because Plaintiff's motions failed to comply with Civil Local Rules 7-2(b) and 7-4(a). ECF No. 98. More specifically, Plaintiff's motion failed to cite a single case, make any argument concerning why default judgment would be appropriate, and did not weigh the controlling factors for default judgment under *Eitel v. McKool*, 782 F.2d 1470 (9th Cir. 1986).

At the March 11, 2015, case management conference, the Court specifically cautioned Plaintiff that any renewed motion for default judgment must cite the pertinent legal authority and provide relevant argument as to why default judgment against Defendants Organic Alliance and White would be appropriate. The Court also expressly admonished Plaintiff that failure to do so would result in a denial of default judgment with prejudice.

On May 28, 2015, Plaintiff filed its third round of motions for default judgment against Defendants Organic Alliance and White. ECF No. 134. Despite the Court's express admonishment on the record and the prior two denials of Plaintiff's motions for default judgment, Plaintiff once more failed to cite any legal authority or make any argument with respect to why default judgment should be entered against Defendants Organic Alliance and White. For the third time, Plaintiff failed to cite the *Eitel* factors. Instead, Plaintiff's motion focused solely on the propriety of attorney's fees and justification for the amount of attorney's fees.

On June 17, 2015, the Court denied Plaintiff's motions for default judgment with prejudice. ECF No. 135. In addition to failing to comply with the Court's order and the Civil Local Rules, Plaintiff's deficient submissions left the Court with no basis to determine whether the Court could properly exercise personal or subject-matter jurisdiction and whether Plaintiff had shown the basic elements of Plaintiff's claims against Defendants Organic Alliance and White.

At the pretrial conference, Plaintiff requested that the Court consider allowing Plaintiff to file a fourth set of motions for default judgment against Defendants Organic Alliance and White, or allowing Plaintiff to go to trial against these absent Defendants. As Plaintiff had not made such a request in its pretrial statement and was unprepared to cite any authority to the Court in support of its request, the Court took a more than two hour recess to allow Plaintiff's counsel to find pertinent legal authority.

Case No. 13-cv-03506-LHK
PRETRIAL CONFERENCE ORDER

Following a recess, Plaintiff cited *Bird v. Reese*, 875 F.2d 256 (9th Cir. 1989), for the proposition that a denial of a motion for default judgment is not a final, appealable order; *In re Villegas*, 132 B.R. 742 (9th Cir. BAP 1991), for the proposition that the entry of final judgment in favor of a defaulting party following the denial of a motion for default judgment is an abuse of discretion; and *In re McGee*, 359 B.R. 764 (9th Cir. BAP 2006), for the proposition that Plaintiff is entitled to a hearing on its motions for default judgment. Relying on these cases, Plaintiff argued that it was entitled to a hearing on its claims against Defendants Organic Alliance and White.

While the Court explained, on the record, why these cases are likely distinguishable given the unique procedural posture of the instant action, including the two-year long history of this action and the numerous attendant orders and proceedings, the Court will allow Plaintiff to file a five page brief on whether Plaintiff should be allowed to proceed against Defendants White and Organic Alliance at trial and/or by way of a fourth motion for default judgment. Plaintiff shall file any brief, no longer than five pages, by Monday, August 3, 2015.

Trial remains as set on August 17, 2015, at 9 a.m. Should Defendant Parker Booth fail to appear at trial, the Court will direct the Clerk of the Court to enter default against Defendant Booth and set a briefing schedule for any motion for default judgment against Defendant Booth.

The Court again refers Defendant Booth to the Federal Pro Se Program. Mr. Kevin Knestrick, the staff attorney for the program, is available at 408-297-1480. The Court strongly encourages Mr. Booth to contact Mr. Knestrick as soon as possible.

The Court suspended its pretrial filing requirements as laid out in its bench pretrial standing order. Plaintiff is excused from complying with those requirements. Plaintiff shall, however, be prepared with five sets of any exhibits that it intends to use at trial on August 17, 2015.

**IT IS SO ORDERED.**

Dated: July 30, 2015

_____
LUCY H. KOH
United States District Judge

Case No. 13-cv-03506-LHK
PRETRIAL CONFERENCE ORDER

3