United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TOM VER LLC, <br><br> Plaintiff, <br><br> v. <br><br> ORGANIC ALLIANCE, INC, et al., <br><br> Defendants. | Case No.13-cv-03506-LHK <br><br> **ORDER RE MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS CHRISTOPHER WHITE AND ORGANIC ALLIANCE** <br><br> Re: Dkt. No. 145 |

On August 3, 2015, Plaintiff filed a brief in support of its request that Plaintiff be allowed to either proceed at trial against Defendants White and Organic Alliance or be allowed a fourth and final set of default judgment motions. As outlined in the Court's July 31, 2015, pretrial conference order, ECF No. 143, Plaintiff has previously submitted three deficient motions for default judgment against Defendants White and Organic Alliance. The Court denied the third set of motions with prejudice. ECF No. 135. Before addressing the substance of Plaintiff's request, the Court summarizes the lengthy procedural history of the instant litigation.

I. **PROCEDURAL HISTORY**

This action began two years ago when Plaintiff filed its complaint on July 30, 2013. ECF

1

Case No.13-CV-03506-LHK
ORDER RE MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS CHRISTOPHER WHITE AND ORGANIC ALLIANCE

No. 1. In the last two years, the Court has ruled on and issued orders granting an ex parte application for a temporary restraining order, ECF No. 11; granting preliminary injunction, ECF No. 18; denying motion for sanctions and finding as moot motion to enforce temporary restraining order, ECF No. 53; five case management orders following five case management conferences, ECF Nos. 42, 90, 105, 128, 136; and order granting motions for summary judgment by Defendants Rosenthal and Brookstein, ECF No. 126.

Plaintiff first requested that the Clerk of the Court enter default against Defendant Organic Alliance on September 5, 2013, ECF No. 22, and against Defendant White on March 21, 2014, ECF No. 72. The Clerk of the Court entered default against Defendant Organic Alliance on September 16, 2013, ECF No. 30, and against Defendant White on March 27, 2014, ECF No. 74.

The Court has specifically addressed the issue of default judgment with respect to Defendants White and Organic Alliance multiple times. Plaintiff filed its first round of motions for default judgment against Defendants Organic Alliance and Christopher White over a year ago on June 12, 2014. ECF Nos. 79, 80. On June 30, 2014, the Clerk denied those motions without prejudice for failure to provide appropriate supporting documentation and informed Plaintiff that it could file the motion for disposition by the Court. ECF No. 82.

Three months later, on September 3, 2014, Plaintiff filed amended motions for default judgment against Defendants Organic Alliance and White. ECF Nos. 86, 87. On December 15, 2014, the Court denied Plaintiff's motion, once more without prejudice, because Plaintiff's motions failed to comply with Civil Local Rules 7-2(b) and 7-4(a). ECF No. 98. More specifically, Plaintiff's motion failed to cite a single case, make any argument concerning why default judgment would be appropriate, and did not weigh the controlling factors for default judgment under *Eitel v. McKool*, 782 F.2d 1470 (9th Cir. 1986).

At the March 11, 2015, case management conference, the Court specifically cautioned Plaintiff that any renewed motion for default judgment must cite the pertinent legal authority and provide relevant argument as to why default judgment against Defendants Organic Alliance and

2

White would be appropriate. The Court also expressly admonished Plaintiff that failure to do so would result in a denial of default judgment with prejudice.

On May 28, 2015, Plaintiff filed its third round of motions for default judgment against Defendants Organic Alliance and White. ECF No. 134. Despite the Court's express admonishment on the record and the prior two denials of Plaintiff's motions for default judgment, Plaintiff once more failed to cite any legal authority or make any argument with respect to why default judgment should be entered against Defendants Organic Alliance and White. For the third time, Plaintiff failed to cite the *Eitel* factors. Instead, Plaintiff's motion focused solely on the propriety of attorney's fees and justification for the amount of attorney's fees.

On June 17, 2015, the Court denied Plaintiff's motions for default judgment with prejudice. ECF No. 135. In addition to failing to comply with the Court's order and the Civil Local Rules, Plaintiff's deficient submissions left the Court with no basis to determine whether the Court could properly exercise personal or subject-matter jurisdiction and whether Plaintiff had shown the basic elements of Plaintiff's claims against Defendants Organic Alliance and White.

At the pretrial conference, Plaintiff requested that the Court consider allowing Plaintiff to file a fourth set of motions for default judgment against Defendants Organic Alliance and White, or allowing Plaintiff to go to trial against these absent Defendants. As Plaintiff had not made such a request in its pretrial statement and was unprepared to cite any authority to the Court in support of its request, the Court took a more than two hour recess to allow Plaintiff's counsel to find pertinent legal authority.

Following that recess, Plaintiff submitted arguments to the Court and requested leave to file briefing in support of its request that the Court allow Plaintiff to seek judgment against Defendants White and Organic Alliance, either at trial or by default.

**II. DISCUSSION**

In light of Plaintiff's briefing and request, the Court GRANTS Plaintiff's request that it be allowed to file one last set of default judgment motions against Defendants White and Organic

Alliance. Failure to cite the factors laid out in *Eitel v. McKool*, 782 F.2d 1470 (9th Cir. 1986), to specifically identify the basis for personal and subject matter jurisdiction, and to otherwise provide pertinent legal authority and argument will result in a dismissal with prejudice of Plaintiff's claims against Defendants White and Organic Alliance and entry of judgment for Defendants White and Organic Alliance. The Court will not entertain a fifth attempt to move for default judgment against these Defendants. Plaintiff shall file its motions against Defendants White and Organic Alliance by August 24, 2015, and follow the normal procedure for requesting a hearing date from the Courtroom Deputy, Ms. Sakamoto.

Moreover, the Court will not entertain any request for attorney's fees that includes Plaintiff's fees incurred for (1) the three previous, deficient motions for default judgment; (2) research regarding case law to allow Plaintiff to try its case against, or file a fourth motion for default judgment against, Defendants White and Organic Alliance; or (3) the briefing requesting permission to file a fourth motion for default judgment against, or to try Plaintiff's case against Defendants White and Organic Alliance, ECF No. 145.

Trial against Defendant Booth only remains as set for August 17, 2015, at 9 a.m.

**IT IS SO ORDERED.**

Dated: August 4, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

4
Case No.13-CV-03506-LHK
ORDER RE MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS CHRISTOPHER WHITE AND ORGANIC ALLIANCE