1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11

12   TOM VER LLC,                          Case No.13-CV-03506-LHK

13            Plaintiff,                    **ORDER**

14        v.

15   ORGANIC ALLIANCE, INC, et al.,

16            Defendants.

17

18   Plaintiff's Attorney: Jason Klinowsky.
     Also present was Alexandro Rodriguez, President of Tom Ver LLC.
19   Defendant Parker Booth did not appear

20        The Court held a bench trial at 9 a.m. on August 17, 2015, pursuant to its original case
21   schedule set forth in the Court's April 30, 2014 case management order. *See* ECF No. 76.
     Defendant Parker Booth was not present at 9:00 a.m. After waiting over an hour to see if
22   Defendant Booth would make an appearance, the Court ordered that Defendant Booth's answer be
     stricken, and the Court directed the Clerk of Court to enter default against Defendant Booth. The
23   Court vacated the trial at 10:15 a.m., at which time Defendant Booth had still not made an
     appearance.
24
25        More specifically, the Court noted on the record that in the sixteen months since the Court
     originally set this August 17, 2015  trial date, Defendant Booth filed an answer containing
26   affirmative defenses, but otherwise failed to appear at the September 3, 2014 case management
     conference, ECF No. 90; the March 11, 2015 case management conference, ECF No. 105; the
27   May 21, 2015 case management conference, ECF No. 128; or the pretrial conference on July 30,

28
                                              1

United States District Court
Northern District of California

2015, ECF No. 143.

Defendant Booth also failed to comply with the Court's June 17, 2015 order directing the parties to file a joint pretrial statement, despite being contacted numerous times by Plaintiff Tom Ver LLC. *See* ECF Nos. 135, 137. Defendant Booth also failed to confirm his participation in Magistrate Judge Nathanael Cousins's July 28, 2015 settlement conference, despite a court order to do so. ECF No. 140. The Court had referred the parties to a settlement conference with Magistrate Judge Cousins, and Defendant Booth failed to respond, failed to appear, and failed to participate in the settlement conference.

Based on the long history of this case, Defendant's willful failure to appear at trial, and Defendant's inexcusable failure to participate or otherwise defend himself in this action since May 2014, the Court found that Defendant Booth's failure to appear for trial warranted the striking of his answer and the entry of default against him. As the Ninth Circuit explained in *Al-Torki v. Kaempen*, 78 F.3d 1381, 1384–85 (9th Cir. 1996), "Failure to appear for trial, without excuse, prejudices an adversary and interferes with the court's docket about as much as any procedural default can. The other side is likely to have spent thousands of dollars getting its lawyers ready to try the case and arranging for witnesses and exhibits to be available. If the trial does not proceed, the money and effort will have been wasted. The judge is likely to have gone to considerable trouble to clear out time from criminal cases, motion hearings, work in chambers, and other matters, for the civil trial." Accordingly, it is within the inherent power of the court to enter default against a non-defending party and also to strike an answer and enter default. *See id.*; *see also TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987).

The Court therefore exercised its discretion and inherent authority to strike Defendant Parker Booth's answer containing affirmative defenses for failure to appear and defend at trial. Moreover, as Defendant Booth had been aware of the trial date for over 16 months and had failed to appear or confirm his appearance at five separate court proceedings, the Court directed the Clerk of Court to enter default against Defendant Booth for failure to otherwise defend this action under Federal Rule of Civil Procedure 55.

In addition, the Court ordered Plaintiff to file any motion for default judgment against Defendant Parker Booth by August 24, 2015. Plaintiff shall cite the factors laid out in *Eitel v. McKool*, 782 F.2d 1470 (9th Cir. 1986), and present authority and argument for the entry of default judgment. Plaintiff shall also provide appropriate notice to Defendant Booth of its motion.

**IT IS SO ORDERED.**

Dated: August 17, 2015

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

United States District Court
Northern District of California

2

Case No. 13-CV-03506-LHK
ORDER